UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMELIA KEAHEY,

    Plaintiff,

-vs-

SPEEDWAY SUPERAMERICA LLC,

    Defendant.

_____/

Case No. 13-14084
Hon: AVERN COHN

### ORDER SUSTAINING PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS (Doc. 29)

**I.**

In this slip-and-fall case, the Court granted summary judgment to Defendant on the basis that Plaintiff's claim was barred by Michigan's open and obvious doctrine. (Doc. 25). Defendant filed a bill of costs. (Doc. 27). The Clerk taxed costs in the amount of $1,311.09. (Doc. 28). Plaintiff objects to the taxed costs, stating that an award of costs "is not necessary and invasive to Plaintiff who has already received a dismissal of her case." (Doc. 29 at 1-2). For the reasons that follow, Plaintiff's objection is SUSTAINED.

**II.**

The Federal Rules of Civil Procedure allow a prevailing party to tax costs. Fed. R. Civ. P. 54(d)(1). A party seeking costs must file a Bill of Costs no later than 28 days after entry of judgment. E.D. Mich. LR 54.1. The Bill of Costs Handbook and Fed. R. Civ. P. 54(d)(1) allow a party to file a motion within 7 days of costs being taxed to review the clerk's action.

There is a presumption in favor of awarding costs to a prevailing party; however, district courts have discretion to deny such an award where certain circumstances are found. *Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1172 (2013). Among the circumstances where a district court may deny costs are: (1) where taxable expenditures by the prevailing party were unnecessary or unreasonably large; (2) where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant; and (4) in "close and difficult" cases. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In addition, the presumption of an award may be overcome by the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Such discretion is allowed in order to avoid "a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

### III.

### A.

Plaintiff raises two objections to an award of costs against her. First, Plaintiff says that taxing costs is "not necessary and invasive" because her she has already received a dismissal in her case. In addition, she says that Defendant should not be awarded costs because Defendant never filed a motion for costs.

Plaintiff's objections to Defendant's Bill of Costs are not supported by case law. Plaintiff claims that an award of costs would be "invasive" because she has already lost her

case. This, however, is not a factor that is taken into consideration in awarding costs, and the presumption is that costs are awardable to the prevailing party. *Marx*, 133 S.Ct at 1172. By claiming that the award of costs is "invasive," Plaintiff could possibly mean that such an award would be financially burdensome. But the ability of a party to pay costs is also not an appropriate consideration. *See White & White, Inc.*, 786 F.2d at 731 (noting circuit precedent that "negates the conclusion that the ability of a party litigant to pay costs is a valid criterion in assessing them") (quoting *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir.1968)).

Plaintiff further states that costs should be denied because Defendant did not file a motion for costs. But a motion for costs is not necessary and, in fact, improper. As explained, the prevailing party seeking costs must file a Bill of Costs within 28 days after entry of the judgment. Defendant timely filed a Bill of Costs. (Doc. 27). No motion was required, and procedurally there was no error.

B.

Nevertheless, the Court finds that an award of costs to Defendant in this case would be "inequitable under all the circumstances." *Lichter Found., Inc.*, 269 F.2d at 146. To begin, there is no indication that Plaintiff's lawsuit was not brought in good faith. Although "[g]ood faith without more . . . is an insufficient basis for denying costs to a prevailing party," it is a "relevant consideration" in the Court's analysis. *White & White, Inc.*, 786 F.2d at 731. In addition, a successful motion for summary judgment does not necessarily mean that an opposing party's case was brought in bad faith. Nor is there any evidence that Plaintiff was merely trying to "extract some nuisance money" from Defendant. (Doc. 30 at 4) There is

3

little doubt that Plaintiff filed her case in good faith and properly conducted herself throughout the litigation.

Further, the Court finds some merit in Plaintiff's argument that the award of costs is "not necessary." Here, Defendant spent $739.40—over half of the total taxable costs—on court reporter fees for deposition transcripts. Defendant also submitted a number of digital images, which conclusively show that Plaintiff was mistaken as to where she tripped and fell. These images, combined with Plaintiff's conflicting testimony, would have been sufficient for Defendant to succeed in its motion for summary judgment. The depositions were not necessary.

Finally, in addition to Plaintiff's good faith and the determination that the predominant portion of Defendant's taxable costs were not necessary, an award of costs would have a chilling effect on other slip-and-fall litigants seeking to vindicate their rights against property owners. Thus, an award of costs would be inequitable under the totality of the circumstances of this case.

**IV.**

For the reasons stated above, Plaintiff's objection is SUSTAINED.

SO ORDERED.

                                      S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: September 23, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 23, 2014, by electronic and/or ordinary mail.

                                      S/Sakne Chami
                                      Case Manager, (313) 234-5160